In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-288 CR


NO. 09-06-289 CR


 ______________________


 

CHAD ALLEN KEATON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause Nos. CR 25622 and CR 25623






MEMORANDUM OPINION
 

 Chad Allen Keaton pled guilty to possession of a controlled substance
(methamphetamine) in an amount less than one gram and to possession of a dangerous drug
(carisoprodol) while in a correctional facility. A jury assessed punishment of two years of
confinement for the methamphetamine possession and twenty years for the carisoprodol
possession in a correctional facility. The sentences are to run concurrently. In a pro se
response to his counsel's Anders brief, Keaton asks for a new trial on punishment.

 After Keaton pled guilty to the two offenses and "true" to enhancement allegations
of two prior felony convictions, the State presented its punishment phase evidence consisting
of various exhibits and testimony from law enforcement officials, an assistant county
attorney, a forensic scientist and a Department of Public Safety secretary. Two officers
testified concerning the charged offenses. Trooper Nathan Pierce stated he stopped Keaton
for speeding on March 30, 2005. During the traffic stop, Pierce discovered there was a
warrant out for Keaton and arrested him. Pierce conducted a search incident to arrest and
found a silver spoon, zig-zag rolling papers, and a green leafy substance he believed to be
marijuana. The residue on the silver spoon testified positive for a trace of methamphetamine. 
The officer brought Keaton to jail. Deputy Trousdale testified that while Keaton was
removing his socks during a change of clothes at the jail, a round, white pill fell to the floor. 
The pill tested positive for carisoprodol. Also admitted into evidence were seven prior
misdemeanor convictions and one felony conviction. 

 Keaton's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). Keaton filed a pro se response brief raising the following issues: the admissibility
of evidence regarding an allegedly racist tattoo; the alleged violation of Keaton's Fifth
Amendment right to remain silent; an allegation of false testimony; the State's failure to give
notice, after defendant's request, of the State's intent to use extraneous offense/bad acts
evidence; the admission of allegedly irrelevant evidence in violation of the double jeopardy
prohibition; the asserted involuntariness of his guilty plea as a result of trial counsel's
incorrect advice; and trial counsel's ineffective assistance by, among other things, failing to
object to the State's lack of notice on extraneous offenses.

 The State responds that the record does not support the appellant's claims, and error
was not preserved or is harmless. Ineffective assistance of counsel allegations must be firmly
founded in the record, and the record must affirmatively demonstrate the meritorious nature
of the claim. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 

 The Court of Criminal Appeals directs that we not address the merits of issues raised
in Anders briefs or pro se responses. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim.
App. 2005). An appellate court may determine either (1) "that the appeal is wholly frivolous
and issue an opinion explaining that it has reviewed the record and finds no reversible error,"
or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that
new counsel may be appointed to brief the issues." Id.

 We have determined that this appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record, and find no arguable issues to support
an appeal. See id. Therefore, appointment of new counsel to re-brief the appeal is
unnecessary. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
Keaton is free to file a petition for discretionary review raising error by this Court in the
instant appeal. (1) See Bledsoe, 178 S.W.3d at 827.

 We affirm the trial court's judgments in trial cause numbers CR25622 and CR25623.

 AFFIRMED.

 

 

 DAVID GAULTNEY

 Justice


Submitted on May 8, 2007

Opinion Delivered August 29, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. While appellant has a right to file a petition for discretionary review with the Court
of Criminal Appeals, review is not a matter of right. Bledsoe, 178 S.W.3d at 827 n.6 (citing
Tex. R. App. P. 66.2; Tex. Const. Art. V, §5(b)).